### MENASHE v. SUTTON et al.

United States District Court
S. D. New York.
Jan. 16, 1951.

See also 90 F.Supp. 531.

———◆———

Ferris & Adams, New York City, for plaintiff.

Samuel Hochstein, New York City, for defendants.

Israel B. Oseas, New York City, ancillary receiver in person.

McGOHEY, District Judge.

The ancillary receiver moves to confirm his final report. It is contested only by the attorneys for the plaintiff.

As is usual in a suit between former partners, this one was contested with unrelenting vigor. It developed commensurate acrimonies. These infected quite needlessly and indeed improperly the relations between the ancillary receiver appointed by the court and the plaintiff's attorneys. The balance now in the hands of the ancillary receiver is $16,555.13. By the terms of a stipulation between the parties settling their dispute, the balance of this sum after payment of the ancillary receiver's fees and disbursements, as fixed by the court, is to be paid to the plaintiff's attorneys for specified services rendered not only to their client but to the receiver also.

Pursuant to authority of the court, the receiver brought an action in his own name in the New York Supreme Court, Kings County, against the defendants to recover partnership assets which it was feared would be removed from this jurisdiction. He appointed plaintiff's attorneys to represent him in the suit, which resulted in the recovery of $25,118.45. In a contempt proceeding against Sutton, a fine of $22,000 was imposed and, after protracted appeals and motions, finally paid. Plaintiff's attorneys conducted these proceedings also. It is chiefly for these services that the attorneys are to receive the balance of the fund now on hand, after the receiver is paid.

The receiver asks for a fee of $8500 and disbursements since the last report amounting to $13.21. He also asks an allowance of $50 for packing and shipping partnership books and records as directed by the court. There is also a small claim of $150 which he asks authority to pay. Payment of this last claim is opposed, but not too strenuously; at least the opposition is mild indeed when compared to the rage against the requested fee.

An attorney is entitled to make as staunch a defense of justice as an informed conscience dictates. But that should never descend to such vituperation as is exhibited here. The "opposing affidavit" is 42 pages; and a supplement thereto is eight pages. Nearly all of these fifty pages consist of unrelieved personal criticism of the ancillary receiver, which so far as I can find is entirely unjustified. I have read an opinion by Judge Irving R. Kaufman on a prior motion in this case. Plaintiff's attorney quoted from this in support of his criticism. Judge Kaufman also commented on the attorney's bitterness, in deciding the motion in his favor, and he commended the ancillary receiver for the faithful and painstaking discharge of the responsibilities of his position as an officer of the court by appointment of Judge Rifkind. This seems only to have further enraged Mr. Ferris, for he now shockingly and with no basis whatever assails the motives of Judge Kaufman for not "castigating the ancillary receiver." This offensive assault appears in the first sentence of the last paragraph on page 38 of the "opposing affidavit." It is to be stricken, and the order to be entered herein will so provide. Now to the merits.

When the main litigation was being settled in May, 1950, there were conversations between the ancillary receiver and plaintiff's attorneys concerning the fee which the former would ask. He first said $7500, which he later reduced to $6000 and then to $4500 "in the interest," he says, "of helping to achieve a speedy settlement." The attorneys now claim that the settlement was effected on this basis, it being part of the settlement that they would receive all but $4500 of the present balance on hand as fees. This is not controverted by the ancillary receiver. However, he urges that, since the main settlement was effected, he has been required to perform substantial additional services not contemplated last May. The file in this case verifies that claim. There was the motion before Judge Irving R. Kaufman and a later one before Judge Sugarman. I agree that additional compensation is due for these matters and for additional services which will have to be rendered, all under most difficult circumstances, in order to wind up the receivership. Accordingly, I fix the fee of the ancillary receiver at $5500. This

allows $1000 for the services over and above those for which he concededly agreed to accept $4500. It is with great reluctance that I thus reduce so substantially the fee now requested. I believe the ancillary receiver has had a most trying experience for which in justice he ought to be well compensated. However, his previous agreement to accept $4500 seems to have been important in the main settlement, and I do not believe that should be upset.

In all other respects, I find that the ancillary receiver's report is proper and reasonable, and it is confirmed.

The records of the partnership remain to be disposed of. The attorneys for the parties in this action should stipulate as to this, so that the order to be entered herein may provide accordingly. If they fail to agree, the court will entertain such recommendation as the ancillary receiver shall make for the disposition of the records.

Settle order.